DeGenaro, Judge,
dissenting.
{¶ 42} Because I interpret Gliozzo v. Univ. Urologists of Cleveland, Inc., 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714, and Civ.R. 12 differently from my colleagues, I would affirm the decision of the trial court. Reading them together, I believe that the defense consolidation requirement of Civ.R. 12(G) contemplates preanswer motions only, which is reinforced by the language from Civ.R.12(H) and the holding in Gliozzo.
{¶ 43} It is within the realm of trial strategy for a defendant to determine whether to assert his Civ.R. 12 defenses in either his answer or a preanswer motion. If raised in the answer, the defendant has preserved the defense, in this case insufficiency of service of process, and has not waived it by active participation in the case. Gliozzo at ¶ 6 and 12. In this procedural posture, interpretation of Civ.R. 12 is straightforward. The plain language of the rule dictates that when these defenses are raised in an answer, they can be more fully litigated by a postanswer motion to dismiss as contemplated by Civ.R. 12(H)(1)(b) or by a motion for summary judgment pursuant to Civ.R. 56.
{¶ 44} Closer rule analysis is required when the defendant chooses to raise these defenses in a preanswer Civ.R. 12(B) motion to dismiss. In this procedural *492 posture, I agree with my colleagues. Civ.R. 12(G) and (H)(1)(a) require a defendant to raise the defenses of improper venue and insufficiency of service of process in the same motion; otherwise, the omitted defense is waived if raised at a later date. Gliozzo at ¶ 9. And the plain reading of the rule leads to the conclusion that this applies only when the defenses are raised in a preanswer motion.
{¶ 45} The pertinent sections of Civ.R. 12 state: “(G) A party who makes a motion under this rule must join with it the other motions herein provided for and then available to him,” and “(H)(1) A defense of * * * improper venue * * * or insufficiency of service of process is waived (a) if omitted from a motion in the circumstances described in subdivision (G).” (Emphasis added.) Id. I read the phrase “motion under this rule” to mean a preanswer Civ.R. 12(B)(6) motion to dismiss. Otherwise, the phrase in Civ.R. 12(H)(1)(b) “nor included in a responsive pleading” would have no meaning. Moreover, it would, in effect, eliminate the option of asserting these defenses in a responsive pleading, here the answer, as expressly permitted by Civ.R. 12(B).
{¶ 46} The Staff Notes accompanying Civ.R. 12 support the notion that Civ.R. 12(G) does not apply to postanswer motions:
{¶ 47} “Rule 12(G) follows up the abolition of the special appearance in Rule 12(B) by actually compelling the defendant who makes a motion to include therein all defenses and objections then available to him which this rule permits to be raised by motion. This compulsion is accomplished by the provision that no waivable defense or objection which is omitted from a motion may thereafter be asserted in an answer. * * * Subdivision (G) of Rule 12 adds the further clause, ‘or assert by any responsive pleading’ as an additional warning that a defendant who omits a waivable defense from a motion may not thereafter assert the omitted defense in an answer.” Staff Notes to Civ.R. 12(G) (1970).
{¶ 48} This discussion indicates that the repercussion of a failure to consolidate is only effected by preventing the use of the unconsolidated defense in the answer. It logically follows that once the defense is properly preserved in the answer, Civ.R. 12(G) ceases to be applicable. The Gliozzo opinion further supports the limitation of Civ.R. 12(G)’s applicability to preanswer motions, by stating, “The only way in which a party can voluntarily submit to a court’s jurisdiction * * * is by failing to raise the defense of insufficiency of service of process in a responsive pleading or by filing certain motions before any pleading. Only when a party submits to jurisdiction in one of these manners will the submission constitute a waiver of the defense.” (Citations omitted; emphasis added.) Gliozzo, 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714, at ¶ 13, citing Maryhew v. Yova (1984), 11 Ohio St.3d 154, 157-158, 11 OBR 471, 464 N.E.2d 538.
*493 {¶ 49} Dr. Fought asserted the defenses of improper venue and insufficiency of service of process in his answer and amended answer, rather than a preanswer motion, as permitted by Civ.R. 12. He properly preserved these defenses as contemplated by the rule and the holding in Gliozzo. I disagree with my colleagues that the circumstances in Gliozzo and Cline are not present in this case. They are. In all three cases, the defendant asserted the defense of insufficiency of service of process not in a preanswer motion but in the answer itself. This properly preserved the defense for further litigation in the proceedings, and Fought did not waive the defense through his postanswer Civ.R. 12(B) motion. Accordingly, I would affirm the decision of the trial court.